IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL LYNN RIFFE,<br><br>                    Plaintiff,<br><br>vs.<br><br>RUSSELL WAGG MESHKE &<br>BUDZINSKI, P.C., ALASKA<br>NATIONAL INSURANCE CO., BC<br>EXCAVATING, and BC LEASING,<br><br>                    Defendants. | CV 17-84-BLG-SPW-TJC<br><br><br>**RECOMMENDATION AND<br>ORDER GRANTING<br>MOTION TO PROCEED IN<br>FORMA PAUPERIS AND<br>DISMISSING COMPLAINT** |

Pro se Plaintiff Michael Lynn Riffe ("Riffe") has filed an application to proceed in district court without prepaying fees or costs (Doc. 1) and a proposed Complaint (Doc. 2).  The application to proceed without prepaying fees or costs is sufficient to make the showing required by 28 U.S.C. § 1915(a).  Therefore, the request to proceed in forma pauperis will be granted.  However, upon initial screening of the Complaint it appears venue is improper; Riffe's workers' compensation claims are not ripe; and Riffe's claims against Russell Wagg Meshke & Budzinski, P.C., BC Excavating, and BC Leasing are frivolous.  Therefore, it is recommended that this matter be dismissed with leave to amend.

/ / /

1

## I.   **STATEMENT OF THE CASE**

### A.   **Parties**

Plaintiff Michael Riffe is a citizen of Montana residing in Roundup, Montana.  (Doc. 2 at 3.)  The named Defendants are: Russell Wagg Meshke & Budzinski, P.C. ("Russell"), an Alaska corporation; Alaska National Insurance Company ("Alaska National") an Alaska corporation; BC Excavating, an Alaska corporation; and BC Leasing, an Alaska corporation.[1]  (Doc. 2 at 3-5.)

### B.   **Allegations**

Riffe alleges he was injured while working for BC Excavating and BC Leasing in Anchorage, Alaska on September 5, 2013 and January 23, 2014.  (Doc. 2-2 at 3.)  Riffe filed a claim with the Alaska Workers' Compensation Division on January 25, 2016, and his work injury was assigned case number 201601856 on February 8, 2016.  (Doc. 2-3 at 33.)  On August 1, 2016, Riffe filed a Petition for Review ("Petition") with the Alaska Workers' Compensation Appeals Commission "precisely ask[ing] the commission to make a decision on behalf of the boards [sic] lack of decision making." (Doc. 2-2 at 14.)  On August 26, 2016, the Commission

---

[1] According to the Alaska Secretary of State, BC Excavating and BC Leasing are the same entity.  The current legal name of the corporation is B.C. Leasing, Inc., and the entity was previously known as B.C. Excavating, Inc.  *See Corporations, Business & Professional Licensing*, State of Alaska (2017), https://www.commerce.alaska.gov/cbp/Main/Search/Entities.

dismissed the Petition because the Alaska Workers' Compensation Board had not made a final claim decision.  (Doc. 2-1 at 3-5.)

Riffe appears to be suing Russell for accepting the Petition on behalf of Defendants.  Riffe is suing Alaska National for providing "unsound medical direction."  (Doc. 2 at 6.)  Riffe states he is suing BC Excavating and BC Leasing for not taking action on his workers' compensation claim, denying him access to medical treatment, providing incorrect workers' compensation direction, and causing him to be injured.  (*Id.*)  Riffe claims he is entitled to punitive damages due to the "gross negligence" and "lack of action" of Defendants, and past and future medical care.  (Doc. 2 at 6-7.)

## II.    <u>MOTION TO PROCEED IN FORMA PAUPERIS</u>

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  An affidavit of indigency is sufficient if it states a person cannot pay or provide security for court costs and still provide himself with the necessities in life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Riffe submitted an application to proceed in district court without prepaying fees or costs, showing that he receives $2,042.00 per month and has monthly living expenses in the amount of $2,595.25.  (Doc. 1 at 2, 5.)  The application further

3

states that Riffe has $700.00 in his checking account.  (*Id.* at 2.)  Thus, the application is sufficient to make the showing required by 28 U.S.C. § 1915(a).  The request to proceed in forma pauperis will be granted.

## III.   INITIAL SCREENING OF THE COMPLAINT

### A.   Standard

Because Riffe is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if (i) it is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune to such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pled in good faith.  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## B.    Venue

The court may, sua sponte, raise the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); 28 U.S.C. § 1406(a). Venue is proper only in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, as provided above, any

judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).

The Court finds Riffe has not shown venue is proper in this district.  First, there is no allegation that any named Defendant resides in Montana, or that any event forming the alleged basis of this action occurred in Montana.  Therefore, venue is only proper in the District of Montana if one of the defendants is subject to this Court's personal jurisdiction.  28 U.S.C. § 1391(b)(3).  Riffe alleges venue is proper in the District of Montana because Alaska National has an office in Boise, Idaho that services Montana.  (Doc. 2 at 5.)

Personal jurisdiction may either be specific or general.  When a controversy arises out of a defendant's contacts with a forum, the Court may assert specific personal jurisdiction over the defendant.  *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  In contrast, a corporation must be essentially "at home" in the forum state for a court to assert general personal jurisdiction over it.  *Daimler AG v. Bauman*, ___ U.S. ___, 134 S.Ct. 746, 751 (2014).  "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."  *Id.* at 749. The general jurisdiction inquiry does not "focu[s] solely on the magnitude of the defendant's in-state contacts."  *Id.* at 767.  Otherwise the "at home" analysis would be synonymous with the "doing business" standard.  *Id.* at 762 n.20.

6

Here, the Court may not assert specific jurisdiction because there is no allegation that any of the Defendants' contacts with Montana are connected with actions giving rise to Riffe's claims. The Court also may not assert general jurisdiction because none of the Defendants are essentially "at home" in Montana. B.C. Leasing, Inc. (previously B.C. Excavating, Inc.), Alaska National, and Russell are all incorporated and have their primary place of businesses in Alaska. *See* Alaska Secretary of State website, *supra* note 1. Under the *Daimler* standard, therefore, all the Defendants are rendered "at home" in Alaska. Although Alaska National may do some business in Montana, Riffe has not alleged sufficient facts to show the insurance company is essentially "at home" here.

Therefore, it appears the District of Montana is the improper venue for this matter. In light of the fact Riffe's claims are premature and frivolous (as discussed below), the Court does not find it would be in the interest of justice to transfer the matter. Accordingly, the Court finds the matter should be dismissed with leave to amend.

## C.      Ripeness of Claims Relating to Workers' Compensation

Although Riffe did not name the Alaska Workers' Compensation Board or Appeals Commission in his Complaint, he requests the Court award $14 million dollars in workers' compensation benefits, plus punitive damages. In addition, while not clear from the Complaint, Riffe appears to be asserting a bad faith claim

or an unfair trade practices claim against Alaska National in relation to his claim for workers' compensation.[2]  These claims are not ripe.

Alaska requires parties to exhaust all administrative processes for workers' compensation claims before asserting common law or statutory claims.[3]  *Nelson v. Municipality of Anchorage*, 267 P.3d 636, 644 (Alaska 2011); *see also* Alaska Admin. Code tit. 8, § 57.073 (2017).  In *Nelson*, the Court held the plaintiff's negligence action was not ripe because his arguments relied on lack of a workers' compensation remedy; yet, he had not pursued a remedy before the Alaska Workers' Compensation Board (the "Board").  *Id.*  After a final decision by the Board, a claimant may appeal to the Alaska Workers' Compensation Appeals Commission (the "Commission").  *See* Alaska Stat. § 23.30.128.  The Commission's decision is the final administrative action in a workers'

---

[2] Riffe's conclusory allegation that Alaska National's claims adjuster "gave unsound medical direction" (Doc. 2 at 6), is also insufficient to state a plausible cause of action against Alaska National.

[3] The same is true under Montana law.  *See Grenz v. Orion Group, Inc.*, 243 Mont. 486 (Mont. 1990) (holding claimant is not entitled to bring action against workers' compensation insurer until Workers' Compensation Court enters a judgment); *Jimenez v. Liberty Nw. Ins. Corp.*, 2015 WL 12591706, at *2 (D. Mont. June 17, 2015) ("It is well-settled that where an injured worker advances claims alleging the workers' compensation insurer's conduct in handling and adjusting a workers' compensation claim violated provisions of the UTPA or the common law duty of good faith and fair dealing . . . those UTPA and bad faith claims cannot be commenced before a full and final settlement or judgment is entered with respect to the specific workers' compensation benefit the insurer was handling.")

8

compensation case.  Once the Commission makes its final decision, a court can independently review the Commission's conclusion regarding the Board's factual findings and their support.  *Smith v. CSK Auto, Inc.*, 204 P.3d 1001, 1007 (Alaska 2009).

Riffe filed a Petition with the Commission on August 1, 2016.  (Doc. 2-2.) The Commission denied the Petition because the Board had not yet made a final decision, and therefore, the Commission lacked jurisdiction.  (Doc. 2-1 at 3-4.) Here, Riffe has not alleged, or otherwise shown that the Board has made a final decision, or that the Commission has had an opportunity to review a final decision of the Board.  Riffe must exhaust all administrative remedies prior to bringing a claim in this Court.  Consequently, Riffe's claims regarding the Petition, and claims against Alaska National are not ripe and should be dismissed with leave to amend.

### D.    Frivolous Claims

#### 1.    Riffe's Claim Against Russell

Riffe fails to identify a claim upon which relief may be granted against Russell.  The Court notes Russell represents the respondents to the Petition.  Riffe merely alleges that attorney Michelle Meshke, as "owner" of Russell, "accepted [the] petition on behalf of defendants" in her capacity as their legal counsel.  (*See* Doc. 2 at 6.)  Riffe fails to state a claim against Russell because (1) he does not

9

allege sufficient facts to put defendant Russell on notice of what it did wrong, as it was accepting document on behalf its client; or (2) even if sufficient facts were alleged against defendant Russell, Riffe does not allege a cognizable legal theory against it because it is common practice for legal counsel to accept documents on behalf of its clients.  Therefore, the claim against Russell should be dismissed with leave to amend because it lacks an arguable basis in law and in fact.

### 2.   Riffe's Claim Against BC Excavating and BC Leasing

In Alaska, an employer is liable to employees for the payment of compensation due under the Workers' Compensation Act (the "Act") for injuries that occur in the workplace, regardless of fault.  *Fenner v. Municipality of Anchorage*, 53 P.3d 573, 575 (Alaska 2002) (citing Alaska Stat. § 23.30.045(a) (2017)).  "This liability is the exclusive remedy for an employee injured during the course of employment."  *Id.* (citing Alaska Stat. § 23.30.055 ("The liability of an employer . . . is exclusive and in place of all other liability of the employer and any fellow employee to the employee.")).  The exclusive remedy provision, however, does not apply when an employee commits an intentional tort against a fellow worker.  *Id.*

Because the Act is Riffe's exclusive remedy for alleged injuries that occurred in the workplace, BC Excavating and BC Leasing are immune from liability.  Riffe has failed to support an allegation of any intentional tort committed

10

by a fellow employee.  Riffe claimed that Aaron Bartel's "tortureous [sic] acts caused [Riffe] to be injured on job."  (Doc. 2 at 6.)  Yet, this statement lacks an arguable basis in fact because there is no factual support alleged.  As such, Riffe's claims against BC Excavating and BC Leasing should be dismissed with leave to amend.

## IV.   CONCLUSION

For the reasons set forth above, the Complaint is subject to dismissal for improper venue, ripeness, and failure to state a claim upon which relief may be granted.  Riffe should be allowed to file an amended complaint, if appropriate, after all administrative remedies have been exhausted.  Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Riffe believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of each defendant is connected to the violation of Riffe's rights; (5) when the alleged actions took place; and (6) what injury Riffe suffered because of that defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 372-73, 377 (1976).

If Riffe fails to affirmatively link the conduct of any named defendant with an injury suffered, the allegation against said defendant will be dismissed for failure to state a claim.  Conclusory allegations that a group of defendants violated a right are not sufficient to state a claim and will be dismissed.  Further, the

amended complaint must show that this this action is brought in the right venue, that Riffe is entitled to relief if his allegations are true, and it must contain a request for particular relief supported by factual allegations.  The amended complaint will take the place of the original complaint and must be complete in itself without reference to any prior pleading.  *Ferdick v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

### RECOMMENDATIONS

1.    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1) should be **GRANTED**.

2.    Plaintiff's Complaint (Doc. 2) should be **DISMISSED with leave to amend**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1)(A), should not be filed until the entry of the District Court's final judgment.

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Watters.

**SO ORDERED**.

DATED this 14th day of July, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the above Recommendation by Judge Cavan, the Court issues the following:

**ORDER**

1.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 1) is **GRANTED**.

2.     Plaintiff's Complaint (Doc. 2) shall be **DISMISSED**.

3.     Plaintiff is granted leave to amend his Complaint after administrative remedies have been exhausted with the Alaska Workers' Compensation Board and Alaska Workers' Compensation Appeals Commission.

4.     The Clerk of Court is directed to mail Plaintiff a copy of this Order and administratively close this matter.

**SO ORDERED**.

DATED this ____ day of _____, 2017.

                                                   _____

                                                   SUSAN P. WATTERS
                                                   United States District Judge